UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE NEIL JONES FOOD CO., <br><br> Plaintiff, <br><br> v. <br><br> FACTORY TECHNOLOGIES, INC., <br><br> Defendants. | CASE NO. C21-5073 MJP <br><br> ORDER GRANTING MOTION TO REMAND |

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand. (Dkt. No. 12.) Having considered the Motion, the Response (Dkt. No. 27), the Reply (Dkt. No. 29), and all related papers, the Court GRANTS the Motion.

**Background**

Plaintiff, the Neil Jones Food Company, is a Washington corporation that owns numerous food processing plants, including a tomato processing plant ("the Facility") in Hollister, California that is at the center of this dispute. (Dkt. No. 1, Ex. A ("Compl."), ¶¶ 3, 9.) On September 18, 2019 a portion of the roof at the Facility collapsed and damaged the mechanical

palletizing equipment. (Id. ¶ 10.) Plaintiff contacted Defendant Central Valley Electric, Inc. ("CVE"), which designs and installs robotic systems, and had been one of Plaintiff's vendors for years. (Id. ¶ 11.) CVE visited the Facility to inspect the scope of the damage and recommended that Plaintiff consider replacing the old palletizing equipment and use Defendant Factory Technologies Inc. ("FTI") to do the work. (Id.) Plaintiff alleged that CVE "stated that FTI was a closely related sister company of CVE." (Id.) FTI's Corporate Disclosure Statement, however, asserts that it does not have a parent company "nor does a publicly traded corporation own more than 10% of FTI's stock." (Dkt. No. 4.) CVE has not submitted a Corporate Disclosure Statement.

On January 6, 2020 FTI presented a proposal to design and produce the new palletizing system at the Facility. (Id. ¶ 13.) FTI's proposal included its standard Terms and Conditions, including the following clause:

> All buyer terms and conditions as may be contained on purchase orders or other documents from the buyer are taken exception to unless specifically agreed to in writing by a managing member of FTI.

(Dkt. No. 23 at 3.) On January 9, 2020, Plaintiff alleges it sent a purchase order to FTI, which included Plaintiff's standard Terms and Conditions:

> **DISPUTE RESOLUTION**: All questions regarding the validity or interpretation of this document . . . and any dispute, controversy, or claim of any nature concerning, arising out of, or relating to the transaction[s] documented herein, shall be decided according to the substantive and procedural law of the State of Washington, including Washington law regarding conflict of laws and regarding arbitration. Buyer and Seller agree that all such matters shall be determined in the Superior Court of Clark County, Washington, and all parties consent to the jurisdiction of such court and agree that such court is the appropriate venue for settlement of such matters[.]

(Id. ¶ 16; See also id. at 48.) FTI contends that it commenced performance after a call from Plaintiff, accepting FTI's offer, but before FTI received Plaintiff's Terms and Conditions. (Dkt.

No. 27 at 6.) After the first purchase order, Plaintiff issued an additional six purchase orders to FTI from January 15, 2020 through August 27, 2020, totaling $669,341.53 and each containing Plaintiff's standard Terms and Conditions. (Compl., ¶ 21.)

Plaintiff issued many other purchase orders throughout the project, each allegedly containing Plaintiff's standard Terms and Conditions, including a purchase order sent to Defendant CVE on February 4, 2020. (Id. ¶ 19.) On December 8, 2020, CVE filed an action against Plaintiff in the Superior Court of California, in San Benito County. (See Dkt. No. 12 at 4.) On April 1, the Court in the San Benito action granted Plaintiff's Petition to Compel Arbitration and ordered that arbitration of the disputes arising from CVE's work at the Facility proceed in Clark County, Washington. (Dkt. No. 30, Supplemental Declaration of C. Fredrick Meine III, Ex. A at 1-2.)

Alleging that the palletizing system is defectively designed, Plaintiff filed suit against FTI and CVE on December 18, 2020 in Clark County Superior Court. Defendant FTI removed this matter on January 27, 2021, with CVE consenting to removal. (Dkt. No. 1 at 2.) Plaintiff now moves to remand based on the forum selection clause contained in the purchase orders. (Dkt. No. 12.) Because Defendant CVE does not dispute the Motion to Remand, nor that it is bound by Plaintiff's forum selection clause, the Court REMANDS this matter to Clark County Superior Court.

**Discussion**

Plaintiff contends remand is required by the forum selection clause contained in the Terms and Conditions section of each of its purchase orders. (Dkt. No. 12.) A forum selection clause is prima facie valid and should not be set aside unless the party challenging enforcement can show that the clause is unreasonable under the circumstances. Redwood Hill Farm &

Creamery, Inc. v. Barry-Wehmiller Design Grp., Inc., Case No. 16-cv-03200-JST, 2016 WL 4710194, at *1 (N.D. Cal. Sept. 6, 2016) (citing Pelleport Inv'rs, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 279 (9th Cir. 1984)).  A forum selection clause is unreasonable under the circumstances if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is "so gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court"; or (3) enforcement of the forum selection clause would contravene a strong public policy of the forum in which the suit was brought.  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-18 (1972).

FTI fails to demonstrate that the forum selection clause was the result of any of the factors that would make it unreasonable, instead arguing that Plaintiff entered into a binding contract based on FTI's offer, which contained its own terms and conditions.[1]  (Dkt. No. 27.)  But the Court need not evaluate the nature of the contract between FTI and Plaintiff because FTI's co-defendant, CVE, has not contested the Motion to Remand nor rebutted Plaintiff's allegation that CVE performed work under a contract that included Plaintiff's Terms and Conditions, including the forum selection clause.  Indeed, CVE's related case against Plaintiff will be arbitrated in Clark County, in compliance with Plaintiff's forum selection clause.  The Court therefore GRANTS Plaintiff's Motion to Remand.

## Conclusion

Because Defendant CVE does not contest Plaintiff's Motion to Remand nor Plaintiff's contention that CVE is subject to the Plaintiff's forum selection clause, the Court GRANTS Plaintiff's Motion to Remand.

---

[1] The Court notes that FTI's opposition brief is 20 pages, eight pages over the limit allowed by Local Rule 7(e)(4).  This is unacceptable.  The Court will therefore not consider Defendant's arguments after page 12.

1  The clerk is ordered to provide copies of this order to all counsel and to the Clark County
2  Superior Court.

4  Dated April 27, 2021.

*[signature]*
Marsha J. Pechman
United States Senior District Judge