UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE NEIL JONES FOOD CO., <br><br> Plaintiff, <br><br> v. <br><br> FACTORY TECHNOLOGIES, INC.; CENTRAL VALLEY ELECTRIC, INC.; and DOES 1 THROUGH 20, <br><br> Defendants. | CASE NO. C21-5073 MJP <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION |

This matter is before the Court on Defendant Central Valley Electric Inc.'s (CVE) motion for reconsideration, (Dkt. No. 34), supported by Defendant Factory Technologies, Inc. (FTI), (Dkt. No. 35). Defendants ask the Court to reconsider its decision granting Plaintiff The Neil Jones Food Company's motion to remand, (Dkt. No. 31). After considering the motion, (Dkt. No. 34), the responses, (Dkt. Nos. 35, 37), the prior order, (Dkt. No. 31), and the original moving papers, (Dkt. Nos. 12, 27, 28, 29, 30), the Court GRANTS the motion for reconsideration to the extent that it considers FTI's full response brief, (Dkt. No. 27), and DENIES the motion for reconsideration in all other respects.

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION - 1

A motion for reconsideration is rarely granted. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1).

In granting Plaintiff's motion to remand, the Court declined to consider part of FTI's brief on the ground that, at twenty pages, it exceeded the twelve-page limit under LCR 7(e)(4). In fact, FTI was entitled to twenty-four pages. LCR 7(e)(3). The Court regrets the error and has now considered FTI's response in full.

CVE did not oppose Plaintiff's motion, which sought to remand the entire case, not just claims against FTI. In their motion and in the complaint, Plaintiff alleged that it had issued purchase orders to CVE containing a forum-selection clause. (Dkt. Nos. 12 at 3 & 1, Ex. A (Complaint) at 52.) The forum-selection clause applies, in relevant part, to "any dispute, controversy, or claim of any nature concerning, arising out of, or relating to the transaction[s]" documented in the purchase order. (See Compl. at 51.) The purchase order included with the Complaint was primarily for the cost of labor for electrical work relating to the robotic palletizing system Plaintiff contracted with Defendants to install. (Compl. at 52.) Plaintiff's claims against Defendants concern, arise out of, and relate to Defendants' installation of the robotic palletizing system, so they very much relate to CVE's work on the electrical side of the project. A party's failure to oppose "may be considered by the court as an admission that the


motion has merit." LCR 7(b)(1).  The Court cannot "reconsider" a party's position that was never presented for consideration in the first place, but even on reconsideration, CVE affirms Plaintiff's allegations.  (See Dkt. No. 34 at 4.)  CVE has not met its burden to show clear error.

Considering FTI's full response brief does not change the Court's decision.  FTI does not deny Plaintiff's allegation that the Parties engaged in a course of conduct, since 2015, in which they agreed to do business by purchase-order agreements, containing the forum-selection clause, which were issued by Plaintiff and performed under by FTI.  FTI tries to poke holes in Plaintiff's supporting declarations but does not provide contrary evidence.  Against this backdrop, the statements by Plaintiff's project leader—that Plaintiff would be moving forward with Defendants' proposals and that purchase orders would follow—simply expressed a willingness to do business in the way the parties were accustomed to.  The Court declines FTI's request to abstract one transaction from the context of a five-year business relationship.

Defendants' motion for reconsideration is GRANTED to the extent that the Court considers FTI's complete response brief and is DENIED in all other respects.  The Clerk is ordered to provide copies of this order to all counsel.

Dated August 27, 2021.

Marsha J. Pechman
United States Senior District Judge